

**U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*/s/ Stacey G. C. Jernigan*
**United States Bankruptcy Judge**

**Signed June 21, 2012**

---

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | |
| VITRO, S.A.B. de C.V. | § | Case No. 11-33335-HDH-15 |
| | § | |
| Debtor | § | |

### MEMORANDUM OPINION IN SUPPORT OF
### CERTIFICATION FOR DIRECT APPEAL

The Court has certified its *Order Denying the Motion of Foreign Representatives of Vitro S.A.B De C.V. for an Order Pursuant to 11 U.S.C. §§ 105(a), 1507 and 1521 to (I) Enforce the Mexican Plan of Reorganization of Vitro S.A.B. De C.V., (ii) Grant a Permanent Injunction, and (iii) Grant Related Relief* (the "Order") to the Court of Appeals for the Fifth Circuit, pursuant to 28 U.S.C. § 158(d)(1)(A)(I) and -(iii). [1]

---

[1] Judge Hale, who entered the order and memorandum opinion denying the enforcement motion and request for TRO, is currently out of the country.  He prepared this opinion in support of certification and asked Judge Jernigan to sign for him in his absence.

**MEMORANDUM OPINION IN SUPPORT OF CERTIFICATION FOR DIRECT APPEAL -Page 1**

This Memorandum Opinion is issued in support of that certification. *See* FED. R. BANKR. P. 8001(f). The issue is whether an order of a Mexican District Court is entitled to recognition and enforcement under Chapter 15 of the Bankruptcy Code.

## Factual Background

Vitro, S.A.B. de C.V. ("Vitro SAB") is a Mexican holding company with numerous subsidiary companies located in the United States. Through its subsidiaries, Vitro SAB is the largest manufacturer of glass containers in Mexico. The majority of Vitro SAB's assets are held by Vitro SAB's subsidiaries. Faced with overwhelming debt, Vitro SAB (but not its subsidiaries) entered restructuring under the Mexican *Ley de Concursos Mercantiles* ("LCM").

On February 3, 2012, a court in Mexico approved a *Concurso* Plan under the LCM for Vitro SAB. The *Concurso* Plan arguably would be unconfirmable in the United States under Chapter 11 because, *inter alia*, it releases guaranteed debt of Vitro's non-debtor subsidiaries, which are not parties to the Mexican *Concurso* proceedings. Under § 524 of the Bankruptcy Code, non-debtor discharges of debt are prohibited. This Court did not enforce the *Concurso* Plan, primarily for this reason.

The claims against the non-debtor guarantors exceed $1.5 billion. This case is probably the largest Chapter 15 case pending in the United States in terms of assets and liabilities. There are numerous appeals in the Fifth Circuit and the United States District Court for the Northern District of Texas.

After confirmation of the *Concurso* Plan, Alejandro Francisco Sanchez-Mujica and Javier Arechavaleta Santos, acting as Foreign Representatives of Vitro, S.A.B. de C.V., filed a *Motion of Foreign Representatives of Vitro S.A.B. de C.V. for an Order Pursuant to 11 U.S.C. §§ 105(a), 1507*

**MEMORANDUM OPINION IN SUPPORT OF CERTIFICATION FOR DIRECT APPEAL -Page 2**

*and 1521 to (I) Enforce the Mexican Plan of Reorganization of Vitro S.A.B. de C.V., (ii) Grant a Permanent Injunction, and (iii) Grant Related Relief* ("Enforcement Motion"). The Enforcement Motion was objected to by Wilmington Trust, National Association ("Wilmington"), U.S. Bank National Association, as Indenture Trustee ("U.S. Bank"), and the Ad Hoc Group of Vitro Noteholders ("Ad Hoc Group") (collectively, the "Objecting Parties").

After a four-day evidentiary hearing on the Enforcement Motion, this Court denied Vitro's request for enforcement of the *Concurso* Plan, finding that the plan did not comport with either § 1507 or § 1521 of the Bankruptcy Code, and, further, that the plan was manifestly contrary to the public policy of the United States, § 1506.

## Procedural Background

On June 19, 2012, Vitro SAB filed a notice of appeal. Vitro SAB has also filed a request for direct certification, pursuant to 28 U.S.C. § 158(d)(2). The appeal to the District Court has not yet been docketed in accordance with Bankruptcy Rule 8007(b). Therefore, the matter is still pending in the bankruptcy court. Fed. Rule Bankr. P. 8001(f)(2). The bankruptcy court may therefore rule on the request for direct certification under 28 U.S.C. § 158.

## Analysis

### Section 158(d)(2)(A)(I) ["No Controlling Decision"]

The Order should be certified because it involves the above question of law, as to which there is no controlling decision by the Fifth Circuit Court of Appeals or by the Supreme Court of the United States. Chapter 15 is only seven years old and many of its provisions are untested.

**Section 158(d)(2)(A)(iii) ["May materially advance the purpose of the case"]**

The Order should be certified because an immediate appeal to the circuit court may materially advance the progress of the case or proceeding. A decision by the Fifth Circuit on enforcement of the *Concurso* Plan could moot a number of appeals.

### CONCLUSION

Therefore, the Court has determined that its *Order Denying the Motion of Foreign Representatives of Vitro S.A.B De C.V. for an Order Pursuant to 11 U.S.C. §§ 105(a), 1507 and 1521 to (I) Enforce the Mexican Plan of Reorganization of Vitro S.A.B. De C.V., (ii) Grant a Permanent Injunction, and (iii) Grant Related Relief* should be presented directly to the Court of Appeals for the Fifth Circuit, pursuant to 28 U.S.C. § 158(d)(1)(A)(I) and -(iii).

###END OF OPINION ###